UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMIREZ JIMENEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL L. BENOV,<br><br>　　　　　Respondent. | Case No.: 1:13-cv-00821 AWI JLT (HC)<br><br>FINDINGS AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Petitioner Daniel Ramirez Jimenez is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the results of a prison disciplinary hearing at which he was found to have been in breach of prison policies and assessed 27 days loss of good time credits. (Doc. 1 at 13-16)

In his petition, Petitioner argues that because the hearing officer was not an employee of the Bureau of Prisons and was, instead, an employee of the contractor operating the prison, the discipline was improperly imposed. (Doc. 1) Respondent argues that Petitioner failed to exhaust his administrative remedies and, therefore, the petition should be denied. (Doc. 12 at 4-6) For the reasons set forth below, the Court recommends the Petition for Writ of Habeas Corpus be **DENIED**.

I. **Factual Background**

Petitioner is housed at Taft Correctional Institution, a government-owned but privately-run prison contracted with the Bureau of Prisons. (Doc. 1 at 3) On October 13, 2011, prison officials

1

found that Petitioner had obtained a new tattoo on his leg. (Doc. 1 at 13-16) Prison policies prohibited inmates from obtaining tattoos or engaging in self-mutilation. Id. When confronted with the tattoo, initially, Petitioner denied the tattoo was new. Id. at 13. However, when the officer noted that the skin where the tattoo was applied appeared to have been shaved, Petitioner then admitted that the tattoo was new. Id. As a result, an incident report was prepared and, ultimately, the matter referred for a hearing. Id.

On December 13, 2011, DHO Logan heard the disciplinary complaint against Petitioner. Id. at 14-16. At the hearing, Petitioner admitted getting the tattoo however, he explained, "I had just got here and I didn't know I couldn't do it." Id. at 14.

In addition to this admission, Logan considered the incident report in which the officer described discovering the tattoo and the photos taken of the tattoo. (Doc. 1 at 13-16) Based upon this evidence, Logan determined that Petitioner's explanation that he didn't know he was prohibited from obtaining tattoos while in prison was unreasonable given he had been in custody for three years. Id. at 15. Thus, Logan found the charge was true and determined that Petitioner should be sanctioned with 27 days disallowance of good conduct credit. Id.

Logan's determination was reviewed and found to comport with due process by the BOP's Privatization Management Branch on May 13, 2009. (Doc. 12-1 at 32) As a result, the DHO's decision was certified by the BOP and the recommended sanction was approved given it was in accord with the BOP's policies. Id. Notably, until Petitioner was served with the certified DHO decision, the sanction was not imposed. Id. at 29-30. Petitioner was served with the certified decision of the DHO on December 20, 2011. (Doc. 1 at 16)

In the certified statement of decision, which also set forth the intended discipline, Petitioner was advised of his right to appeal the determination and the time period in which this must occur. (Doc. 1 at 16) Petitioner did not appeal at that time. Instead, on April 19, 2013, about five weeks before filing this habeas action and nearly four years after the imposition of the sanction, Petitioner submitted an appeal to the Privatization Management Branch. (Doc. 1 at 10-12) The appeal was denied as untimely. Id. at 10.

**II.   Jurisdiction**

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution based upon the outcome of a prison disciplinary proceeding. If a constitutional violation has resulted in the loss of credits, it affects the duration of a sentence and may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876–78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction. Moreover, at the time the petition was filed, Petitioner was in custody at the Taft Correctional Institute, located in Taft, California, which is located within the jurisdiction of this Court. Therefore, this Court is the proper venue. See 28 U.S.C. § 2241(d).

### III. Standard of Review

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir.1996) (quoting Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991)). Though not afforded the full panoply of rights, due process requires the prisoner receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Indeed, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Hill, 472 U.S. at 455 (citations omitted). The Constitution does not require that the evidence presented preclude any conclusion other than that reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. Id. at 457.

### III. Analysis

#### A. Petitioner failed to exhaust his administrative remedies

Petitioner concedes he has not exhausted his administrative remedies (Doc. 1 at 3) and Respondent asserts exhaustion as a basis for dismissal of the petition. (Doc. 12 at 4-6)

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir.2004); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986).  Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed . . . remedy has been exhausted." Laing, 370 F.3d at 998 (quoting McKart v. United States, 395 U.S. 185, 193 (1969)). "Exhaustion promotes judicial efficiency by producing a useful record for subsequent judicial consideration and the agency has the opportunity to correct its own errors which may moot any issue for judicial consideration." Danesh v. Jenifer, 2001 WL 558233 (E.D. Mich. Mar. 27, 2001).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990). Exhaustion is not required if pursuing those remedies would be futile. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991).  Nevertheless, courts are not to disregard exhaustion requirements lightly. Murillo v. Mathews, 588 F.2d 759, 762 (9th Cir. 1978).

To exhaust their administrative remedies, prisoners must appeal to the Correctional Programs Division, Privatization Management Branch and then to the National Inmate Appeals Administrator. (Doc. 12-1 at 4-5)  Failing to appeal to each level will result in an unexhausted claim.  Id.

Petitioner asserts that exhaustion would have been futile in his case.  However, in his petition he fails to provide any factual support for this conclusion or even explain why he thinks so. (Doc. 1 at 3) In his Traverse, Petitioner provides slightly more analysis and claims that futility is demonstrated because the BOP "strenuously maintains" the procedures employed to assure due process for TCI inmates.  (Doc. 13 at 3)  Exactly what Petitioner means by this is unclear.

On the other hand, Petitioner cites to Arredondo-Virula v. Adler, 510 F. App'x 581 (9th Cir. 2013), without any explanation for why he claims that this case excuses the exhaustion requirement. (Doc. 1 at 3) Notably, Arredondo-Virula had no occasion to address the topic of exhaustion.  Indeed, there is no indication in the opinion that the Arredondo-Virula petitioner failed to exhaust the available administrative remedies.  Thus, it is unclear why Petitioner contends that Arredondo-Virula demonstrates that exhaustion would have been futile in his case.

The Court surmises that Petitioner contends that because the Arredondo-Virula Court determined that DHO Logan lacked authority to impose the discipline suffered by that inmate, that he thinks he should be excused from exhausting administrative remedies in his case. Assuming this is the case, the Court disagrees.[1, 2]

**B.     Petitioner failed to demonstrate exhaustion was futile**

As noted above, Petitioner failed to file an appeal of the imposed discipline until about four years after the sanction was imposed. (Doc. 1 at 10-12) The fact that Petitioner waited until 2013 to file his third-level appeal does not render exhaustion futile. In Stock West Corp. v. Lujan, 982 F.2d 1389, 1394 (9th Cir.1993), the Court prohibited a finding of futility in these circumstances when it held, "Unless we limit the scope of Stock West's case as it presently stands, any party could obtain judicial review of initial agency actions simply by waiting for the administrative appeal period to run and then filing an action in district court." Thus, the failure to timely appeal means that Petitioner did not exhaust his administrative remedies. Brockett v. Parks, 48 F. App'x 539, 541 (6th Cir. 2002) (failure to complete all appeal levels demonstrates plaintiff did not exhaust his administrative remedies.) Thus, the Court recommends the petition be **DENIED** as to this disciplinary proceeding.

**IV.    Findings and Recommendation**

It is undisputed that Petitioner failed to exhaust the available administrative remedies; Petitioner fully admits this. (Doc. 1 at 3) Moreover, though asserting that exhaustion would have been futile, Petitioner fails to provide any factual support for this claim. Even more, he fails to offer any explanation as to why he believes exhaustion was futile. Thus, the Court finds Petitioner has failed to meet his burden of establishing he was excused from exhausting his claim. Based upon the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be **DENIED**.

These findings and recommendations are submitted to the United States District Judge

---

[1] Notably, several cases which raised similar claims have been dismissed because the BOP has now employed a "staff-member" DHO to re-hear discipline cases arising out of TCI. See Palacios v. Benov, 2014 WL 2574787 (E.D. Cal. June 9, 2014); Gonzalez v. Benov, 2014 WL 2524207 (E.D. Cal. June 4, 2014). Thus, the Court is not convinced that an appeal is or was futile.

[2] In any event, here the evidence shows that Logan did not *impose* the discipline. Instead, he merely *recommended* the discipline and, after independent review by the BOP's DHO, the BOP's DHO imposed the discipline. (Doc. 12-1 at 4, 29-30, 32)

5

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days of the date of service of these findings and recommendations, any party may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the Objections shall be filed and served within 14 days of the date of service of the Objections.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 21, 2014**                    **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE